UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Lakeista Eaton**, | § § § § | |
| Plaintiff, | § § | Case No. |
| v. | § § | |
| **The Bank of Missouri**, | § § | Complaint and Demand for Jury Trial |
| Defendant. | § § § § | |

## COMPLAINT

**Lakeista Eaton** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **The Bank of Missouri** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Financial Services, LLC, 565 U.S. 368, 386-87 (2012) (confirming that the United States district courts have federal-question subject-matter jurisdiction under 28 U.S.C. § 1331 to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Allen, Texas 75013.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at P.O. Box 89028, Sioux Falls, South Dakota 57109.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis seeking to collect a balance owed on Plaintiff's First Access Card.

13. The First Access Card is issued by the Defendant.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a pre-recorded message prior to a live representative of Defendant coming on the line.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant soon after the calls began and revoked any previous consent that Defendant had to contact her.

18. Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. In spite of her instruction to stop calling her cellular telephone, Defendant instead continued to call her repeatedly.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Lakeista Eaton**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e. Any other relief this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Lakeista Eaton**, demands a jury trial in this case.

Respectfully submitted,

Dated: 03/18/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com