UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Lakeista Eaton**, | § § § |
| Plaintiff, | § Case No. 4:21-cv-00206-ALM § |
| v. | § § |
| **Portfolio Recovery Associates, LLC**, | § Amended Complaint and Demand for Jury § Trial § |
| Defendant. | § § |

## AMENDED COMPLAINT

**Lakeista Eaton** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Portfolio Recovery Associates, LLC** (Defendant):

## INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*. and invasion of privacy.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Financial Services, LLC, 565 U.S. 368, 386-87 (2012) (confirming that the United States district courts have federal-question subject-matter jurisdiction under 28 U.S.C. § 1331 to hear private civil suits under the TCPA).

3. There exists supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Allen, Texas 75013.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address 120 Corporate Boulevard, Norfolk, Virginia 23502.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. At all times relevant hereto, Plaintiff had a cellular telephone number 661-XXX-3803.

12. Plaintiff has only used this phone number in connection with a cell phone.

13. Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis seeking to collect a balance previously owed to Bank of Missouri in connection with an alleged First Access Card issued by Bank of Missouri.

14. Those calls took place from around January 2019 through at least December 2019.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a pre-recorded message prior to a live representative of Defendant coming on the line.

17. Specifically, upon information and belief, Defendant's dialing system utilizes random and/or sequential number generator to store and or dial numbers.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant soon after the calls began and revoked any previous consent that Defendant had to contact her.

20. Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

21. In spite of her instruction to stop calling her cellular telephone, Defendant instead continued to call her repeatedly.

22. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

23. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

26. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## INVASION OF PRIVACY: INTRUSION UPON SECLUSION

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The elements of a cause of action in Texas of invasion of privacy by intrusion upon seclusion are (1) an intentional intrusion upon a person's solitude, seclusion or private affairs (2) that would be highly offensive to a reasonable person and (3) as a result of which the person suffered an injury.

34. The offending telephone calls at issue caused stress, anxiety and frustration to Plaintiff as they would any reasonable person.

35. Accordingly, Plaintiff seeks damages for invasion of privacy by intrusion upon seclusion.

36. Plaintiff seeks punitive damages as the offending conduct would be highly offensive to any reasonable person.

**Wherefore**, Plaintiff, **Lakeista Eaton**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Actual damages and punitive damages for Plaintiff's tort claims;

e. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

f. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Lakeista Eaton**, demands a jury trial in this case.

Respectfully submitted,

Dated: 06/23/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864

Email: aginsburg@creditlaw.com